IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANGEL G. AVILLAN-CRUZ [28],

Defendant.

CRIMINAL NO.  11-345 (DRD)

**REPORT AND RECOMMENDATION**

Defendant Angel G. Avillán-Cruz was charged in Counts One through Six of an Indictment and he agreed to plead guilty to Count One of the Indictment.  Count One charges that, beginning on a date unknown, but not later than in or about 2008, an continuing up to and until the return of the instant indictment in the Municipality of Ceiba, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, the defendant herein, did knowingly and intentionally combine, conspire and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is: to possess with intent to distribute one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; two-hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; a measurable amount of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of

Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance, all within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, the Jardines de Ceiba Public Housing Project and other areas within the Municipality of Ceiba, Puerto Rico.  All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 860.

On June 13, 2011, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Humberto Guzmán-Rodríguez, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Guzmán-Rodríguez, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

United States of America v. Angel G. Avillán-Cruz [28]
Criminal No. 11-345 (DRD)
Report and Recommendation
Page 4

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.  The penalty for the offense charged in Count One  is term of imprisonment of not less than ten (10) years and not more than life, a fine not to exceed twenty million dollars ($20,000,000.00), and a term of supervised release of at least ten (10) years, all pursuant to Title 21, United States Code, Section 841(b)(1)(A) and 860.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least five hundred (500) grams but less than two (2) kilograms of cocaine, the penalty for the offense shall be a term of imprisonment of not less than five (5) years no more than eighty (80) years, a fine not to exceed ten million dollars ($10,000,000.00) and a term of supervised release of at least eight (8) years, all pursuant to Title 21, United States Code, Section 841(b)(1)(B) and 860.

The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), per count, to be deposited in the Crime Victim Fund.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea  Agreement (Pursuant to Rule 11(c)(1)(A) & (B) FRCP)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.  Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages four and five, paragraph seven of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One, the Base Offense Level is of Twenty-Six (26) (at least 500 grams but less than 2 kilograms of cocaine). A two (2) level increase is agreed for protected location. A two (2) level increase is agreed for a dangerous weapon was possessed. A three (3) level decrease is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Seven (27), yielding an imprisonment range of seventy (70) to eighty-seven (87) months if the Criminal History Category is I; seventy-eight (78) to ninety-seven (97) months if the Criminal History Category is II; eighty-seven (87) to one hundred and eight (108) months if the Criminal History Category is III; one hundred (100) to one hundred and twenty-five (125) months if the Criminal History Category is IV; one hundred and twenty (120) to one hundred and fifty (150) months if the Criminal History Category is V; and one hundred and thirty (130) to one hundred and sixty-two (162) months if the Criminal History Category is VI.

The parties agree to recommend to the Court that the defendant be sentenced to serve a term of imprisonment of seventy-two (72) months if his Criminal History Category is I or to the lower end of the applicable guideline range if his Criminal History Category is higher.

The parties understand that the Court is not bound by the recommendation and that the Court, after consideration fo the factors contemplated within the U.S.S.G. and Title 18, United States Code, Section 3553 et seq., may sentence the defendant to any amount of time up to and including the statutory maximum for the offense to which he plead, and that such a sentence will not invalidate this agreement.

There parties do not stipulate any assessment as to the defendant's Criminal History Category.

The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties.  Any request by the defendant for a sentence below the agreed upon term of seventy-two (72) months or for an adjustment or departure shall constitute a material breach of this plea agreement.

At sentencing, the United States agrees to recommend a dismissal of the remaining counts against the defendant.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his  counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the

commission of the offense, beyond a reasonable doubt.  Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of  counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.  Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law.  With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.  Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph nineteen (19) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

United States of America v. Angel G. Avillán-Cruz [28]
Criminal No. 11-345 (DRD)
Report and Recommendation
Page 8

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One, and was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense.   Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 11–345 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 11-345 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be set promptly, before Honorable Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 14th day of June of 2012.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED   STATES   MAGISTRATE   JUDGE